PER CURIAM.
We affirm the orders of the Unemployment Appeals Commission. Appellant ceased working for Syntex in November, 1994. From late 1994 until December 31, 1996, he received termination payments from Syntex of about $3,022.27 biweekly. From each check, Syntex deducted federal withholding and social security taxes and reported the payments as wages paid to the Division of Unemployment Compensation. In July, 1996, appellant began to receive a retirement pension from Syntex of $1,100.00 per month.
On December 2, 1996, appellant filed a claim for unemployment benefits as a result of his termination from a different *1189 employer. The date of the claim created a “base period” of July 1, 1995 through June 30, 1996. See § 443.036(5), Fla. Stat. (1997). During the base period, appellant received $72,536.40. from Syntex. These payments constituted “wages” within the meaning of section 443.036(33)(a), Florida Statutes (1997). The pension benefit from Syntex exceeded the weekly benefit amount to which appellant was entitled. He was therefore disqualified from receiving benefits pursuant to section 443.101(8)(a), Florida Statutes (1997). We construe the term “base period employer” in section 443.101(8)(a) to mean an employer that pays section 443.036(33) “wages” to an employee during the base period.
AFFIRMED.
GLICKSTEIN and GROSS, JJ., and GOLDENBERG, RENEE, Associate Judge, concur.